**Frank Joseph FLOWERS, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. 09–88–286–CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.
Rehearing Granted
Nov. 29, 1989.

Bruce Neill Smith, Larry Thorne, Beaumont, for appellant.

Jerry S. Wright, Willard J. Hall, Beaumont, W. Reed Lockhoof, Austin, for appellee.

OPINION

BROOKSHIRE, Justice.

This is an appeal from a judgment of the District Court of Jefferson County which affirmed the judgment entered in the County Court which denied the application for wine and beer retailer's on-premises permit. We affirm the judgment of the district court.

The Appellant, Frank Joseph Flowers, prepared and filed an application to secure a beer retailer's on-premises license and a retail dealer's late hour license for his busi-

ness. The Appellant's business, of course, was a bar. The location of the bar was to be at the corner of Pearl and Liberty Streets in downtown Beaumont. It was stipulated that the area was "wet". Procedural requirements for licensing had been met. The Appellant's application was unopposed by the Texas Alcoholic Beverage Commission and the Beaumont Police Department. The contestants at the administrative hearing were Gulf States Utilities Company and Willard Hall, Sr., d/b/a Hall & Hall Real Estate.

Hearing was had upon such application, after which the county court rendered its decision denying, inter alia, the application on the grounds that the applicant made no effort to contact any of the adjoining or nearby business interests to determine their reaction to a proposed bar at the location and that applicant failed to post notice by sign as required under *TEX. ALCO.BEV.CODE ANN. sec. 61.381* (Vernon Supp.1989). The county court found that the lack of adequate off-street parking would constitute a threat to the general welfare, health, peace, safety and sense of decency of the people and the relevant population. The county judge's rulings and holdings were appealed.

Upon appeal, the district court found that there was substantial evidence to support the county judge's refusal, affirming the county court's order.

■ *TEX.ALCO.BEV.CODE ANN. sec. 11.67(b)* (Vernon 1978 and Supplement 1989) requires that any appeal from an order of the commission or administrative agency refusing, canceling or suspending a permit, be conducted under the substantial evidence rule. It is quite clear, under the Administrative Procedure and Texas Register Act, *TEX.REV.CIV.STAT.ANN. Art. 6252–13a, Sec. 2* (Vernon Supp.1989), that where the law authorizes review under the substantial evidence rule, as does the Alcoholic Beverage Code, the trial court may not substitute its judgment for that of the agency or county judge as to the weight of the evidence on questions submitted to the agency's or county court's discretion. *See*

*Art. 6252–13a, Sec. 19(e).* The county judge acted as a quasi-administrator.

■ The duty of the district court, as well as the appellate court, is to determine, from all the evidence presented, whether the decision of the county judge was supported by substantial evidence. The Supreme Court has held that there need not be much evidence to qualify as substantial. *See Lewis v. Metropolitan S. & L. Ass'n,* 550 S.W.2d 11 (Tex.1977). Necessarily, then, the appellate court does need to have before it all the evidence as presented to the administrative agency or the county or district judge since the rule is that all the evidence introduced before the county judge that supported that jurist's decision is material.

The true test is not whether the county judge reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the county court. To determine whether the county judge's findings are reasonably supported by substantial evidence, the district court or appellate court must review all the evidence before the county judge.

It is for the district court to determine what constitutes substantial evidence. In fact, if that court finds the evidence, as a whole, is such that reasonable minds could not have reached the same conclusion that the county judge reached then the order of the county judge should be set aside. Otherwise, the order must be sustained. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946).

■ We discover that, *in the argument of counsel made before the district court,* the attorney of record for Frank Joseph Flowers told the Court this:

"... It is agreed between myself and the attorney for Gulf States Utilities, who is one of the protesters in this case, that since they are in possession of the statement of facts containing all the testimony taken before Judge Richard LeBlanc, that same would be filed with the court for the court's review *and we will work out at a later time the issue of who is supposed to pay for it,* whether it is Jefferson County or whether it is the

agency or whether it is the other parties involved...." (Emphasis added)

Apparently, this dispute was never resolved. No Statement of Facts has been filed with the Clerk of the Court of Appeals. *TEX.R.APP.P. 53(k)* reads:

"(k) *Duty of Appellant to File.* It is the appellant's duty to cause the statement of facts to be filed with the Clerk of the Court of Appeals."

Appellant has failed to comply with *TEX. R.APP.P. 53(k)*. We deem and decide *TEX.R.APP.P. 53(k)* is starkly clear and gravely mandatory. In reality, we have nothing to review and we affirm the judgments and orders below. Necessarily, then, we approve and reaffirm the district court judgment and order below. Necessarily, then, we approve and reaffirm the Findings of Fact and Conclusions of Law signed by County Judge R.P. LeBlanc, Jr., on August 10, 1988, and we, of course, reaffirm the order or judgment signed by District Judge Thomas A. Thomas dated September 8, 1988.

AFFIRMED.